IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEROME WILLIAMS and CHERYL ANN DOCKERY, on behalf of themselves and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| HOOAH SECURITY SERVICES, LLC, a domestic limited liability company and RIC BAILEY, individually; | No. 09-2376-STA ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Hooah Security Services, LLC and Ric Bailey's Motion to Dismiss (D.E. # 24) filed on May 6, 2010. Plaintiff responded in opposition to Defendants' Motion on May 20, 2010 (D.E. # 25). Defendants have filed a reply brief in this matter. For the reasons set forth below, Defendants' Motion is **DENIED**.

## BACKGROUND

In the instant action, the Plaintiffs worked as hourly paid security guards for Defendant Hooah Security Services, LLC (hereinafter "Hooah") in Shelby County, Tennessee. (Compl. ¶¶ 1-2.) Plaintiffs allege that Defendant Ric Bailey owned and operated Hooah. *(Id*. at ¶ 4.) As owner and operator, Defendant Bailey regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control the finances and operations of the business. *(Id.)*

The Plaintiffs contend that the Defendants failed to comply with the Fair Labor Standards Act ("FLSA") overtime and minimum wage provisions. (*Id*. at ¶ 5.) More specifically, the Plaintiffs allege that the Defendants failed to pay them minimum wages and overtime in the amount of one and one-half times their regular rate. (*Id*. at ¶ 14.) Plaintiff Dockery also alleges that the Defendants violated a verbal agreement to pay her $10 per hour after her first month of employment. (*Id*. ¶¶ at 22-26.)

Plaintiffs allege that the FLSA is applicable in the case at bar because the Defendants were an enterprise covered by 29 U.S.C. §§ 203(r) and 203(s) and because Plaintiffs were engaged in interstate commerce during their employment. (*Id*. at ¶ 7.)

In the instant Motion before the Court, the Defendants assert that the Court lacks subject matter jurisdiction over this matter. Defendants contend that the Plaintiffs can not show individual or enterprise coverage under the FLSA. More specifically, Defendants contend that the Plaintiffs did not engage in interstate commerce as security guards operating solely in Shelby County, Tennessee. Defendants argue coverage is a jurisdictional prerequisite. As such, the Defendants assert that this Court must dismiss the underlying action for lack of subject matter jurisdiction.

In response in opposition, the Plaintiffs contend that coverage is not a jurisdictional question. Instead, Plaintiffs assert that the FLSA coverage requirements relate to the merits of the case, i.e. an element of their claims.

In their reply brief, the Defendants assert that if the Court determines that coverage under the FLSA is an element of Plaintiffs' claims rather than a jurisdictional question, the Court should view the instant motion as a motion for summary judgment rather than a motion to

dismiss.

## STANDARD OF REVIEW

Rule 12(b)(1) permits dismissal of a complaint for "lack of jurisdiction over the subject matter."[1] "When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes."[2] "A Rule 12(b)(1) motion can either attack the claim of [subject matter] jurisdiction on its face . . . or it can attack the factual basis for [subject matter] jurisdiction . . ."[3] In reviewing a 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."[4]

## ANALYSIS

As a preliminary matter, in their reply brief, the Defendants ask the Court to convert their motion to dismiss into a motion for summary judgment. The Court, however, declines to do so at this time. The Defendant's original motion is styled as a motion to dismiss and the Plaintiff has not had an opportunity to respond to a Rule 56 motion. Additionally, the Plaintiff has not been given the opportunity to request an additional time for discovery if such is necessary.[5]

---

[1] Fed. R. Civ. P. 12(b)(1).

[2] *Robinson v. Ohio, Dep't of Dev.*, 69 F.App'x 204, 205 (6th Cir. 2003)(citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

[3] *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

[4] *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th 1990).

[5] The Court notes that the Eleventh Circuit in *Turcios v. Delicias Hispanas Corp.*, reversed a district court's dismissal of an FLSA claim for lack of subject matter jurisdiction under Rule 12(b)(1). *Turcios v. Delicias Hispanas Corp.*, 275 Fed. App'x 879, 883 (11th Cir. 2008). The court determined that the better course of action for the district court would have been to treat the challenge on enterprise coverage as an attack on the merits of the case and

Thus, the Court will analyze the instant motion under Rule 12(b)(1). Defendants' Motion presents a "factual attack" on the Court's subject matter jurisdiction since it relies on the affidavit of Defendant Ric Bailey, the owner of Hooah.

Under the overtime provision of the FLSA from which the Plaintiffs' claims arise, a plaintiff employee must show that he or she was either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage), or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage).[6] Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."[7] An enterprise under the FLSA must have:

> employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [must have an] annual volume of sales made or business [that] is not less than $500,000.[8]

Here, the Defendants contend that the Plaintiffs cannot show either individual or enterprise coverage and thus the Court lacks subject matter jurisdiction over Plaintiffs' claims.

The Sixth Circuit has not yet addressed whether FLSA coverage is jurisdictional. The

---

convert the motion to a motion for summary judgment. *Id*. at 882 n. 5. As to the jurisdictional issue, the Eleven Circuit declined to address the question. *Id*. In the case at bar, however, the Court finds that such an approach, i.e. converting Defendants' motion into a motion for summary judgment, is premature.

[6] 29 U.S.C. § 207(a).

[7] 29 U.S.C. § 203(b).

[8] 29 U.S.C. 203(s)(1) (A)(i)-(ii).

4

First Circuit, however, based on the Supreme Court's decision in *Arbaugh v. Y&H Corp.* found that enterprise coverage under the FLSA is not jurisdictional in *Chao v. Hotel Oasis, Inc.*[9]  In *Arbaugh v. Y&H Corp.*, the Supreme Court noted that:

> [s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief- a merits-related determination.[10]

The Court further stated that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."[11]  Based on this language, the First Circuit reasoned that "the FLSA places the ADV limitation in the definition section of the Act, and does not suggest that the ADV limitation is jurisdictional.  We therefore treat it as an element of the claim."[12]

The Court finds *Chao*'s application of the *Arbaugh* holding persuasive.[13]  While *Arbaugh* involved Title VII, the Supreme's Court reasoning seems to be applicable in the FLSA context. For instance, individual and enterprise coverage are laid out in the definition section of the

---

[9] *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007).

[10] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006)(quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)).

[11] *Id*. at 515.

[12] *Chao*, 493 F.3d at 33. ADV refers to the annual dollar value set forth in 29 U.S.C. § 203(s)(1).

[13] Several other courts have applied the *Arbaugh* holding in the context of the FLSA.  *See Branham v. Halstead Home Rental, LLC*, No. CIV-07-1133-M, 2008 WL 1745825, at 3 (W.D. Okla. Apr. 11, 2008)(denying motion to dismiss under Rule 12(b)(1) finding that the FLSA allegations in the amended complaint were elements of plaintiffs' claim for relief, not a jurisdictional issue); *Daniel v. Pizza Zone Italian Grill & Sports, Inc.*, No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at *1 n.2 (M.D. Fla. Mar. 24, 2008)("the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction").

FLSA, just as the numerosity requirement is laid out in the definition section of Title VII.[14] Therefore, the Court finds that a challenge by the defendants as to whether there is individual or enterprise coverage speaks to the merits of the Plaintiffs' case rather the Court's jurisdiction over it.

As an aside, the Court notes that the Defendants argue in their reply brief that "plaintiffs fail to recognize . . .that the cases cited by them in their brief do not deal specifically with the FLSA issue regarding whether defendants engaged in interstate commerce or the production of goods for interstate commerce." This, however, is the heart of the coverage question.[15] Having found that coverage is not a jurisdictional question, any determination by this Court that the Defendants did or did not engage in interstate commerce or the production of goods for interstate commerce at this time would be premature.

The Court finds that it has proper subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331. § 1331 provides "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[16] As such, Defendants' Motion must be denied.

## CONCLUSION

For the reasons stated above, the Defendants' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

---

[14] *See* 29 U.S.C. § 203(s)(1)(A); 42 U.S.C. § 2000e(b).

[15] *See generally*, *Branham*, 2008 WL 1745825 at *2 (defendants filed 12(b)(1) motion asserting that neither they nor plaintiffs were engaged in interstate commerce).

[16] 28 U.S.C. § 1331. The Court notes that Plaintiffs also contends that the Court has subject matter jurisdiction over their overtime claims pursuant to 28 U.S.C. § 1337. Compl. ¶ 6.

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

Date: June 28th, 2010.