IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS and CHERYL ANN DOCKERY, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-2376-STA-tmp |
| HOOAH SECURITY SERVICES LLC, a domestic limited liability company, and RIC BAILEY, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

_____

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**
_____

Before the Court is Plaintiffs' Motion for Attorney's Fees (D.E. # 66), filed on January 9, 2012.  For the following reasons, Plaintiffs' Motion is **GRANTED.**

**BACKGROUND**

On April 22, 2009, Plaintiffs filed their Complaint alleging violations of the FLSA for unpaid overtime compensation and minimum wages (D.E. #1.)  On May 6, 2010, Defendants filed a Motion to Dismiss (D.E. # 24), which the Court denied on June 28, 2010.  (D.E. # 31.)  In March of 2011, the parties filed cross Motions for Summary Judgment. (D.E. # 49 and 54.)  On November 18, 2011, the Court granted Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment.  (D.E. # 62.)  On January 9, 2012, Plaintiffs filed their Motion for Attorney's Fees.  (D.E. # 111 & 112.)  Defendants had thirty days in which to file a Response, and they have failed to do so.

1

In their Motion for Attorney's Fees, Plaintiffs note that the FLSA provides for attorney's fees to be awarded to a prevailing plaintiff. (Pls.' Mot., D.E. # 66, at 1.) As the prevailing party at summary judgment, Plaintiffs argue that the amount of fees requested by their attorneys is reasonable. (*Id.* at 2-3.) They note that the lodestar amount is generally presumed reasonable, and they "exercised [billing judgment] contemporaneously with the making of the time slips" and further reduced and deleted excess time. (*Id.* at 4.) Furthermore, under a remedial statute like the FLSA, Plaintiffs argue that the amount of attorney's fees may exceed the amount of the judgment awarded under the FLSA claim itself. (*Id.* at 4-5.) To support their claim for attorney's fees, Plaintiffs submitted declarations from their three attorneys as well as a spreadsheet of their timekeeping records. (Pls.' Mot., D.E. # 66-1, 66-2, 66-3, and 66-4.)

## ANALYSIS

The FLSA provides that "[t]he court in [an action under §§ 206, 207, or 215(a)(3)] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."[1] Plaintiffs brought suit under 29 U.S.C. § 207, and they prevailed at summary judgment.[2] Therefore, the Court finds that Plaintiffs are entitled to reasonable attorney's fees and costs under the FLSA.

Reasonable attorney's fee awards are determined by the fee applicant's lodestar amount, which is calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate.[3] Whether a fee is reasonable turns on the court's evaluation of a myriad

---

[1] 29 U.S.C. § 216(b).

[2] (*See* Order Granting Summary Judgment, D.E. # 62, at 14.)

[3] *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

of factors, including

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[4]

The attorney's fee must be sufficiently documented for the court to be able to adequately evaluate it.[5] Moreover, the amount of attorney's fees may exceed the amount of damages awarded to plaintiffs given the nature and purpose of the FLSA; accordingly, "courts should not place undue emphasis on the amount of the plaintiff's recovery."[6]

The Court finds that Plaintiffs' attorneys have adequately documented their time records, as each time entry in the four pages of time sheets they submitted contains a description of the work performed and charges time to the nearest tenth of an hour.[7] Plaintiffs prevailed on all of their claims under the FLSA, including receiving an award of liquidated damages. Therefore, the Court finds that a deduction for fees requested for unsuccessful claims would be unnecessary. Furthermore, the descriptions accompanying each time entry appear to relate to work performed by attorneys, including drafting motions, meeting with clients and opposing counsel, conducting

---

[4] *Hensley*, 461 U.S. at 430 n.3.

[5] *United Slate, Tile and Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

[6] *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994).

[7] (*See* Attorney Time Sheets, D.E. # 66-1, at 1-4.)

depositions, and reviewing files.[8]  Therefore, the Court finds that the hourly rate does not merit reduction for work performed by paralegals or secretaries.

Plaintiffs' attorneys have calculated their fees at an hourly rate of $300.00 per hour. They assert that this amount is typical in the Western District of Tennessee for experienced attorneys specializing in labor and employment law.[9]  They seek $22,689.00 in fees for 75.63 hours of work performed at $300.00 per hour.[10]  The Court finds both the hourly rate and the number of hours worked to be reasonable.  Therefore, Plaintiffs' lodestar amount of $22,689.00 in attorney's fees is reasonable.  Furthermore, Defendants have not objected to the fee requested.

The Court notes that the total damages awarded to Plaintiffs are $18,202.96.  As Plaintiffs' attorneys request $22,689.00 in fees, their requested fees total more than Plaintiffs' damages.  However, the disparity is not extreme, and the Court finds that attorney's fee awards sometimes exceed damages in FLSA cases.[11]  Thus, the Court awards attorney's fees in the amount of $22,689.00 to Plaintiffs' attorneys.

## CONCLUSION

Having determined that an award of attorney's fees is appropriate in this case, Plaintiffs' Motion for Attorney's Fees in the amount of $22,689.00 is **GRANTED**.

**IT IS SO ORDERED.**             s/ S. Thomas Anderson
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

---

[8]    (*Id.*)

[9]    (Decls., D.E. # 66-2, 66-3, 66-4.)

[10]   (Decl. of Justin Ross, D.E. # 66-2.)

[11]   *See, e.g.*, *Fegley*, 19 F.3d at 1134-35.

Date: March 26, 2012.